(No. 3551—

BEN HARGAN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 8, 1942.*

DONALD A. MILLER, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

MR. JUSTICE ECKERT delivered the opinion of the court:

On June 27, 1940, claimant, Ben Hargan, was employed as a laborer by the Division of Highways of the State of Illi-

nois on State Bond Issue Route No. 2 about two miles north of Cairo, Illinois. While carrying water for a construction crew, he was struck by a state-owned dump truck engaged in repair and reconstruction of the highway at that point. Immediately after the accident, he was taken to the office of Dr. Fay S. Comer, at Cairo, and was subsequently treated by Dr. Comer and Dr. Bondurant until July 23, 1940, when he was placed under the care of Dr. H. B. Thomas in Chicago. On August 15, 1940, claimant was discharged by Dr. Thomas and returned to his home. He continued, however, to complain of an injury to his left arm, and at the request of the respondent was given further treatment by Dr. Lewis Ent at Cairo. He was discharged by Dr. Ent on November 16, 1940.

Respondent has paid to claimant for temporary total disability the sum of $57.75, and in addition has paid for the following services:

Dr. Fay S. Comer, Cairo............................................. $28.50
Dr. H. B. Thomas, Chicago........................................ 87.00
Illinois Central Railroad Company, Transportation.................... 13.05
Y. M. C. A. Hotel, Chicago........................................ 47.55
Dr. Lewis Ent, Cairo.............................................. 23.50

No claim is made for further medical or surgical treatment, but claimant seeks additional temporary total compensation and claims partial permanent disability. At the time of the injury, claimant was employed at the rate of fifty-five cents per hour for an eight-hour day. Other employees of the Division engaged in the same capacity and at the same rate of pay as the claimant are employed by the Division less than two hundred days a year. At the time of the injury claimant had no children under the age of sixteen years. His average yearly salary was $880.00, and his average weekly wage, $16.92.

Claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. From the record it appears that the accident arose out of and in the course of the employment.

Dr. Lewis Ent, a witness called on behalf of the claimant, testified that he examined claimant on August 15, 1940, at the request of the respondent; that claimant had a loss of motion in the left arm; that he treated claimant until November 16th when he discharged claimant, feeling he was then able to do

light work. Dr. Ent estimated the permanent loss of use of claimant's arm between fifteen and twenty per cent.

There was no other medical testimony introduced on behalf of either claimant or respondent. Although x-ray pictures had been taken at numerous times while claimant was under the care of various physicians, none was offered in evidence.

Claimant testified that he still suffers pain from the top of his left shoulder down and across his chest; that he is unable to carry anything with his left hand; that he is unable to dress and undress himself; that he is unable to do any work of any kind; and that he is restricted in the movement of his left arm. Upon being asked whether he could put his left hand into his left side coat pocket, he testified, ''I can by pulling my coat and going down that way.''

Otto E. Gotway, general foreman of the construction unit for which claimant was working at the time of the accident, was called as a witness for the respondent, and testified that on September 18th, he saw claimant walking up the street near the location of the highway construction; that claimant was walking in a natural position ''slightly swinging both arms and as he went up the sidewalk he reached in his shirt pocket and took out a cigarette with his left hand and struck the match with his right hand.'' A little later, while talking to Mr. Gotway, claimant again reached in his shirt pocket with his left hand, took a cigarette, struck the match with his right hand, held the cigarette to his mouth, lighted and smoked it.

From a careful consideration of the entire record, the court finds that claimant was totally disabled from the date of the accident until November 16, 1940, or a period of 20 2/7 weeks, and has suffered a fifteen per cent permanent loss of use of his left arm. He is therefore entitled to have and receive from the respondent the following, to-wit:

1. The sum of $8.46 per week for 20 2/7 weeks, or $171.62, from which must be deducted $57.75 heretofore paid to claimant, leaving a balance of $113.87.

2. The further sum of $8.46 per week for fifteen per cent of 225 weeks, to-wit: $285.53, for the permanent loss of fifteen per cent of the use of his left arm.

3. Since this injury occurred subsequent to July 1, 1939, the award must be increased ten per cent or $39.94, making a total due claimant of $439.34.

Award is therefore entered in favor of the claimant for said sum of $439.34, all of which is accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.